FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 13, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DAVID S.,<br><br>    Plaintiff,<br><br>v.<br><br>ANDREW M. SAUL,<br>COMMISSIONER OF SOCIAL<br>SECURITY[1],<br><br>    Defendant. | No. 1:19-CV-03009-JTR<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS |

**BEFORE THE COURT** are cross-motions for summary judgment. ECF No. 15, 16. Attorney Edward Wicklund represents David S. (Plaintiff); Special Assistant United States Attorney Jeffrey Eric Staples represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 8. After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS** Plaintiff's Motion for Summary Judgment; **DENIES** Defendant's Motion for Summary Judgment; and

---

[1] Andrew M. Saul is now the Commissioner of the Social Security Administration. Accordingly, the Court substitutes Andrew M. Saul as the Defendant and directs the Clerk to update the docket sheet. *See* Fed. R. Civ. P. 25(d).

ORDER GRANTING PLAINTIFF'S MOTION . . . - 1

**REMANDS** the matter to the Commissioner for additional proceedings pursuant to 42 U.S.C. § 405(g).

## JURISDICTION

Plaintiff filed applications for Disability Insurance Benefits and Supplemental Security Income on August 27, 2014, alleging disability since June 30, 2013, due to diabetes, nerve damage, and arthritis. Tr. 89. The application was denied initially and upon reconsideration. Tr. 167-75, 186-99. Administrative Law Judge (ALJ) Tom Morris held a hearing on December 4, 2017, Tr. 43-86, and issued an unfavorable decision on January 31, 2018, Tr. 19-31. Plaintiff requested review of the ALJ's decision from the Appeals Council. Tr. 247-48, 386-89. The Appeals Council denied the request for review on November 20, 2018. Tr. 3-7. The ALJ's January 2018 decision is the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on January 22, 2019. ECF No. 1.

## STATEMENT OF FACTS

Plaintiff was born in 1966 and was 47 years old as of the alleged onset date. Tr. 29. He completed an autobody training and repairing degree, and worked a series of odd jobs over his career. Tr. 45, 58-62, 293. He has uncontrolled diabetes and wears braces on nearly all major joints. Tr. 64-66, 434, 649, 653, 797. In December 2014, he underwent cubital tunnel release surgery. Tr. 578. His recovery from surgery was complicated by a fall in April 2015, leading to back and hip pain. Tr. 617, 639, 910-11. He testified he was unable to work due to pain in his back and joints. Tr. 63.

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*,

201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett*, 180 F.3d at 1098-1099. This burden is met once a claimant establishes that a physical or mental impairment prevents the claimant from engaging in past relevant work. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show (1) the claimant can make an adjustment to other work; and (2) the claimant can perform specific jobs that exist in the national economy. *Batson v. Commissioner of Social Sec.*

*Admin.*, 359 F.3d 1190, 1193-1194 (2004). If a claimant cannot make an adjustment to other work in the national economy, the claimant will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

## ADMINISTRATIVE DECISION

On January 31, 2018, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act. Tr. 19-31.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since June 30, 2013, the alleged onset date. Tr. 22.

At step two, the ALJ determined Plaintiff had the following severe impairments: peripheral neuropathy, diabetes mellitus, osteoarthrosis and allied disorders, degenerative disc disease, obesity, sleep-related breathing disorders, affective disorders, and carpal tunnel syndrome. Tr. 22.

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. Tr. 22-24.

The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and found he could perform a range of light work, with the following limitations:

> he can stand and/or walk 5 hours in an 8-hour day or work tasks where he has a sit/stand option. He can occasionally climb ramps and stairs. He can occasionally balance, stoop, kneel, crouch, and crawl. He can never climb ladders, ropes, or scaffolds. He can occasionally finger bilaterally. He should avoid concentrated exposure to extreme cold, noise (moderate without hearing protection), vibrations, fumes, odors, dusts, gases, and poor ventilation. He should avoid even moderate exposure to hazards such as dangerous machinery and unprotected heights. He is not able to perform at a production rate pace (e.g., assembly line work as where the pace is mechanically controlled) but can perform goal-oriented work or where the worker has more control over the pace. There can be occasional changes to the work environment. He may be off task up to 10 percent of the time over the course of an 8-hour workday.

Tr. 24.

At step four, the ALJ found Plaintiff was unable to perform his past relevant work as a store laborer, teacher aide, material handler, industrial truck operator, fishing lure assembler, recreation aide, or construction worker. Tr. 28-29.

At step five the ALJ found that, considering Plaintiff's age, education, work experience and residual functional capacity, there were other jobs that existed in significant numbers in the national economy that Plaintiff could perform, specifically identifying the representative occupations of coin machine collector, storage facility rental clerk, and outside deliverer. Tr. 29-30.

The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from June 30, 2013, the alleged onset date, through January 31, 2018, the date of the decision. Tr. 30-31.

## ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards. Plaintiff contends the Commissioner erred by (1) failing to find cubital tunnel syndrome to be a severe impairment at step two; (2) giving insufficient weight to a treating physician; and (3) improperly rejecting Plaintiff's subjective complaints. Plaintiff also asserts the case was adjudicated by an unconstitutionally appointed ALJ.

## DISCUSSION

**1.   Appointments Clause Challenge**

Plaintiff argues the ALJ decision should be vacated and the claim remanded for further proceedings because at the time the ALJ decision was made the ALJ was unconstitutionally appointed. Plaintiff relies on the Supreme Court's ruling in *Lucia v. SEC*, 138 S. Ct. 2044 (2018). ECF No. 15 at 13-15. Defendant does not argue that the ALJ's appointment was constitutional, but rather asserts Plaintiff has

forfeited judicial review of this argument by failing to raise it at the administrative level. ECF No. 16 at 7-16.

The Court is aware of no controlling precedent regarding the forfeiture of Appointments Clause challenges in Social Security claims. Such arguments have abounded in the district courts in the months since *Lucia* was decided. The majority of courts have held that failure to raise the claim during the administrative proceedings results in forfeiture. *See, e.g. Rebecca Lou Younger v. Comm'r of Soc. Sec. Admin*, No. CV-18-2975, 2020 WL 57814, at *5 (D. Ariz., Jan. 6, 2020) (referencing string cite of district court decisions finding forfeiture); *Taylor v. Saul*, No. 1:16-cv-44, 2019 WL 3837975, at *5-6 (W.D. Va. Aug. 15, 2019); *Hodge v. Saul*, No. 1:18-cv-206, 2019 WL 3767130 (M.D.N.C. Aug. 9, 2019). However, a growing body of courts have held the opposite. *See, e.g. Bizarre v. Berryhill*, 364 F. Supp. 3d 418 (M.D. Pa. 2019); *Bradshaw v. Berryhill*, 372 F. Supp. 3d 349 (E.D.N.C. 2019). The Court is persuaded by the rationale in *Bizarre* and *Bradshaw*, finding the Social Security Act does not require issue exhaustion at the administrative level, and therefore the Appointments Clause challenge was not forfeited.

### a. Background

In June 2018, the U.S. Supreme Court issued its opinion in *Lucia v. SEC*, holding that Securities and Exchange Commission ("SEC") ALJs are "Officers of the United States" subject to the Appointments Clause of the U.S. Constitution. *Lucia,* 138 S. Ct. 2044 (2018). Under the Appointments Clause, only the President, "Courts of Law," or "Heads of Departments" can appoint "Officers." *Id.* As none of those actors had appointed the SEC ALJs in *Lucia*, the Supreme Court held that the ALJs had been unconstitutionally appointed, and vacated the action taken by the ALJ. *Id.*

Following the Supreme Court's decision in *Lucia*, the Social Security Administration Acting Commissioner ratified the appointments of all Social

Security ALJs, approving the appointments as her own in order to avoid any future Appointments Clause challenges, and issued an Emergency Message detailing instructions for dealing with Appointments Clause challenges raised before an ALJ or before the Appeals Council. *See* Emergency Message EM-18003 REV 2, Important Information Regarding Possible Challenges to the Appointment of Administrative Law Judges in SSA's Administrative Process (effective Aug. 6, 2018).[2] The present matter was pending at the Appeals Council at the time *Lucia* was decided and the Social Security Administration issued the Emergency Message.

### b. Timeliness under *Lucia*

Defendant argues that Plaintiff's failure to assert a challenge to the ALJ's appointment at any point during the administrative proceedings has resulted in forfeiture of the issue. ECF No. 16 at 7. Defendant relies largely on the Supreme Court's statement in *Lucia* that a party "who makes a *timely* challenge to the constitutional validity of the appointment of an officer who adjudicates his case is entitled to relief." *Id.* (emphasis in briefing).

*Lucia*'s timeliness language does not resolve the current question. There was no timeliness or exhaustion question raised in *Lucia*'s litigation, as Mr. Lucia raised his challenge before the SEC's appellate body and in the lower federal court proceedings. *Lucia*, at 2050. The Supreme Court's use of the word "timely" to describe Mr. Lucia's challenge does not foreclose other procedural histories from also being found timely. As was noted in *Bizarre*, 364 F. Supp. 3d at 420-21, "[t]he [*Lucia*] majority's statement as to timeliness was not a bright-line demarcation ... it simply confirmed the obvious timeliness of the fully preserved and exhausted claim as presented." Therefore the analysis does not end here.

### c. Exhaustion requirement

---

[2] Available at https://secure.ssa.gov/apps10/reference.nsf/links/08062018021025PM

The operative question is whether exhaustion of issues is required at the administrative level. The leading case addressing issue exhaustion before the Social Security Administration is *Sims v. Apfel*, 530 U.S. 103 (2000). The Supreme Court engaged in a lengthy discussion of the Social Security process, noting that "requirements of administrative issue exhaustion are largely creatures of statute," and finding the Social Security Act to contain no such requirements.[3] *Sims*, 530 U.S. at 107. Based on the non-adversarial nature of Social Security proceedings, and the largely pro forma appellate review process, the Court ultimately held issue exhaustion before the Appeals Council was not a requirement "in order to preserve judicial review of those issues." *Id.* at 112. However, the Court noted that the question of whether a claimant must exhaust issues in front of the ALJ was not before it. *Id.* at 107.

Defendant argues that, despite *Sims*, issue exhaustion is required before the ALJ, citing *Meanel v. Apfel*, 172 F.3d 1111 (9th Cir. 1999), for the proposition that a claimant "must raise all issues and evidence at their administrative hearings in

---

[3] Defendant cites *Kabani & Co. v. SEC*, 733 Fed. Appx. 918 (9th Cir. 2018) in support of holding an Appointments Clause claim to be forfeited for not being raised before the Agency. ECF No. 16 at 8. However, *Kabani* involved an SEC matter, which is governed by a statutory issue exhaustion requirement: "No objection to an order or rule of the [SEC] . . . may be considered by [a reviewing] court unless it was urged before the [SEC] or there was reasonable ground for failure to do so." 15 U.S.C. § 78y(c). The Ninth Circuit has also dismissed as untimely *Lucia* claims related to the Department of Labor, which has a statutory issue-exhaustion requirement. *See Zumwalt v. National Steel and Shipbuilding Company*, No. 18-72257, -- Fed. Appx --, 2019 WL 6999492 (9th Cir., Dec. 20, 2019); *Bussanich v. Ports America*, 787 Fed. Appx 405 (9th Cir. 2019). No similar statutory mandate exists in the Social Security Act.

ORDER GRANTING PLAINTIFF'S MOTION . . . - 8

order to preserve them on appeal." ECF No. 16 at 10. Defendant goes on to cite an extensive string of cases finding various issues to be forfeited for failure to raise them during administrative proceedings. *Id.* at 10-13. However, *Meanel* and the other cases cited by Defendant all address a claimant's failure to raise factual issues regarding the merits of their disability claim, or their failure to challenge how a particular ALJ conducted the proceedings in the particular case. These are all issues directly within the ALJ's purview, and in such situations mandating exhaustion is administratively efficient, particularly in light of the agency's expertise. *See e.g. Meanel*, 172 F.3d at 1115 (noting that "the ALJ rather, than this Court, was in the optimal position" to resolve the claimant's factual challenge); *Shaibi v. Berryhill*, 883 F.3d 1102, 1109 (9th Cir. 2017)("an agency, its experts, and its administrative law judges are better positioned to weigh conflicting evidence than a reviewing court.").

Conversely, requiring a claimant to raise a constitutional challenge regarding the appointment processes of the entire agency to an individual ALJ who had no power to decide the issue (and who was hired through the very process being challenged) makes little sense. *See Weinberger v. Salfi*, 422 U.S. 749, 767 (1975)("[M]atter[s] of constitutional law [are] concededly beyond [SSA's] competence to decide."); *Bizarre*, 364 F. Supp. 3d at 424 (quoting *Califano v. Sanders*, 430 U.S. 99, 109 (1977))("Constitutional questions obviously are unsuited to resolution in administrative hearing procedures and, therefore, access to the courts is essential to the decision of such questions."). Furthermore, one week after the *Lucia* decision was released, the Social Security Administration issued an Emergency Message instructing ALJs to address Appointments Clause challenges raised before them with the following language: "The claimant [/representative] also raised a challenge to the manner in which I was appointed as an administrative law judge under the Appointments Clause of the Constitution. I do not have the authority to rule on that challenge and do not address it further in

this decision[/dismissal]." Soc. Sec. Admin. EM-18003 REV, Important Information Regarding Possible Challenges to the Appointment of Administrative Law Judges in SSA's Administrative Process-Update (effective date June 25, 2018).[4] To mandate a claimant raise an issue before an officer who had no authority to decide it, simply to preserve the issue for a later theoretical appeal, is contrary to administrative efficiency.

In support of the argument that issues must be raised during the administrative process, Defendant points to several Social Security regulations requiring claimants to raise all issues to the agency at the earliest possible juncture. ECF No. 16 at 14. However, the cited regulations all pertain to the merits of the claimant's disability claim, or objections to individual ALJs, not the system as a whole.[5] 20 C.F.R. §§ 404.933(a)(2), 404.939, 404.940, 404.946(b). While an SSA

---

[4] *available at* *http://dataserver.lrp.com/DATA/servlet/DataServlet?fname=PolicyNet-Instructions+Updates-EM+18003+REV+Important+Information+Regarding+Possible+Challenges+to+the+Appointment+of+Administrative+Law+Judges+in+SSA%BFs+Administrative+Process--UPDATE.htm*. This Emergency Message was revised six weeks later following the Acting Commissioner's reappointment of all Social Security ALJs. *See* https://secure.ssa.gov/apps10/reference.nsf/links/08062018021025PM

[5] Defendant's passing reference to an expedited appeals process in certain cases where constitutional issues are raised is similarly inapplicable to the current matter. *See* 20 C.F.R. § 404.924, stating: "You may use the expedited appeals process if . . . you have claimed, and we agree, that the *only factor* preventing a favorable determination or decision is a provision in the law that you believe is unconstitutional." (emphasis added). The constitutionality of the appointment of the ALJ was not the only factor preventing a favorable determination here, as the

claimant must state the reasons he disagrees with an adverse disability determination in petitioning for ALJ review, 20 C.F.R. § 404.933(a)(2), the issues before the ALJ are "the issues brought out in the initial, reconsidered or revised determination that were not decided entirely in [the claimant's] favor[,]" 20 C.F.R. § 404.946(a), which can hardly be expected to include a constitutional challenge to the ALJ's authority. On the contrary, these issues are those germane to the disability application itself, most commonly in the form of objections to the agency's treatment of medical or vocational evidence or testimony. While an ALJ or any party may also raise new issues prior to the hearing, 20 C.F.R. § 404.946(b), this is designed to afford a claimant the opportunity to identify new disability-related evidence or testimony obtained after the written request for hearing but before the hearing itself. *See id.* (a new issue "may be raised even though it arose after the request for a hearing and even though it has not been considered in an initial or reconsidered determination."). The regulation regarding disqualification of a particular ALJ references individual ALJ bias or interest in the matter, and anticipates appointment of a different ALJ if necessary; it does not provide a mechanism for a claimant to object to all ALJs. 20 C.F.R. § 404.940. None of the cited regulations state that issues not raised are forfeited. These regulations do not impose an issue exhaustion requirement as the Commissioner contends.

Absent statutory directive or binding precedential court ruling, the Court finds no basis to create an issue exhaustion requirement with respect to the Appointments Clause challenge. Plaintiff did not forfeit his right to bring the challenge by not raising it during the administrative proceedings.

**d. *Lucia* applied to Social Security ALJs**

---

Social Security Administration found Plaintiff did not meet the medical requirements of disability.

As to the merits of Plaintiff's appointments clause challenge, *Lucia*'s reasoning has been applied to other ALJs, requiring that they, as "inferior officers," be appointed according to the Appointments Clause. *See, e.g.*, *Bank of Louisiana v. FDIC*, 919 F.3d 916, 921 (5th Cir. 2019) (FDIC ALJs); *Jones Bros., Inc. v. Sec'y of Labor*, 898 F.3d 669, 679 (6th Cir. 2018) (Department of Labor Federal Mine Safety and Health Review Commission ALJs); *Island Creek Coal Co. v. Wilkerson*, 910 F.3d 254, 257 (6th Cir. 2018)(Department of Labor Benefits Review Board ALJs). Defendant has not argued that Social Security ALJs are not inferior officers under the Appointments Clause. ECF No. 16 at 8 n.1. Because Defendant has not disputed the merits of Plaintiff's challenge and limited the response to the forfeiture issue, the Court finds Plaintiff's challenge to be meritorious for the reasons set forth in *Lucia*.

## CONCLUSION

Defendant has not disputed the merits of the Appointments Clause challenge. As the Court finds the challenge was not forfeited, this claim is remanded for rehearing before a properly appointed ALJ. The merits of Plaintiff's additional assignments of error are not being addressed because a new ALJ must conduct a *de novo* review on remand.

Accordingly, **IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment, **ECF No. 15**, is **GRANTED**.

2. Defendant's Motion for Summary Judgment, **ECF No. 16**, is **DENIED**.

3. The matter is **REMANDED** to the Commissioner for additional proceedings consistent with this Order.

4. An application for attorney fees may be filed by separate motion.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for Plaintiff and the file shall be **CLOSED**.

**IT IS SO ORDERED.**

DATED January 13, 2020.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE